19-1668-cv
Henry v. Oluwole

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of April, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
                   *Circuit Judges*.
             MARK A. BARNETT,
                   *Judge*.[1]

---

LAURA HENRY,

                   *Plaintiff-Appellee*,

             v.                                             19-1668-cv

OLAKUNLE OLUWOLE, M.D.,

                   *Defendant-Appellant*.[*]

---

Appearing for Appellant:     John F. Costa, Ryan Ryan Deluca LLP, Bridgeport, CT.

Appearing for Appellee:      Richard C. Gordon, West Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

---

[1] Judge Mark A. Barnett, United States District Court of International Trade, sitting by designation.

[*] The Clerk of Court is respectfully requested to amend the official caption as set forth above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Olakunle Oluwole appeals from the May 14, 2019 order of the United States District Court for the District of Connecticut (Underhill, *J.*) denying his motion for reconsideration of the order of the district court denying his motion to set aside default judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The orders appealed from are nonfinal interlocutory orders. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993) ("[D]efault judgment cannot be entered until the amount of damages has been ascertained."); *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 336 (2d Cir. 1986) (concluding that default judgment was "in fact no more than another interlocutory entry of default" because the district court "expressly ordered [in its default judgment] that there be an inquest as to damages and indicated that only thereafter would a final judgment be entered"). When the district court in the present case entered its order of default judgment, it did not decide the issue of damages, which remains pending before the district court. In the absence of a final judgment, we dismiss for lack of jurisdiction.

We have considered the remainder of the parties' arguments regarding jurisdiction and find them to be without merit.  Accordingly, the appeal is hereby dismissed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk